Mr. Justice Colcock
delivered the opinion of the court.
In this case the court concur with the Recorder on the second ground, that the bail was released from all further responsibility by the recommitment of the principal to gaol. The acts of 1759 and 1788, were intended for the relief of the poor and unfortunate debtors who might be disposed to make a fair and just surrender of all their property, or so much as might be necessary to pay the debt on which they should be confined. But while it provides for the. relief of such as are honest, it protects the creditor a'gainst the machinations of the dishonest. By the third section of the prison bounds act, all prisoners taken in execution, shall lie entitled to the bounds, on giving bond to remain within them, and also within forty days to. *375 ai alce a schedule on oath or affirmation of his or her whole estate, or so much thereof as will pay and satisfy the sum due on the execution on which he or she shall be confined, (Grimke, P. L. 456,) and the 7th section declares, that if the schedule be not made, the party shall no longer be entitled to the bounds; and then it proceeds to say, if it be suspected that the return is false, the 'Judge shall impan-nel a jury to try the fact. The tenth section then declares, that whoever shall make a false schedule shall be deemed guilty of perjury ; shall be liable to lie again arrested and disabled from taking the benefit of that act, or the insolvent debtor's act. From which it is clear that the principal was properly remanded to gaol, and being so legally taken from the custody of his bail by the authority of law, she was thereby released from further responsibility. Wherever the law interferes, and in any manner takes the principal from the custody of the bail, it is considered as a surrender. a (4 Johns. Rep. 407. 6 Term. Rep. 247. 1 Mass. Rep. 283. 2 Johns. Cases, 283, 482.)
The motion is therefore dismissed, and the judgment below affirmed.
Justices Mott, Gantt, Richardson and Huger, concurred.